IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BASSETT,

      Plaintiff,                    No. 2:10-cv-0539 KJN P

      vs.

E. CALLISON, et al.,

      Defendants.             <u>ORDER</u>

          On May 19, 2010, plaintiff filed a motion for a court order to require prison officials at High Desert State Prison to provide plaintiff with weekly access to the law library. Plaintiff does not allege that he is under a present obligation to submit documents within a time certain and thus has not demonstrated that his right of access to the courts is being impaired. The court will not set a deadline merely for the purpose of insuring the plaintiff additional library time. Plaintiff's motion will be denied.

          On May 26, 2010, plaintiff filed a motion for court order to allow plaintiff to communicate with prisoner witnesses. Plaintiff is advised that his motion is premature. Defendants have not yet been served with process. (<u>See</u> May 20, 2010 Order Directing Service.) Plaintiff's motion will be denied without prejudice to its renewal once this court has issued a scheduling and discovery order.

...
...

1   On June 1, 2010, plaintiff filed a letter concerning exhaustion of administrative
2 remedies.  Exhaustion of administrative remedies is an affirmative defense raised by defendants,
3 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  As noted above, defendants have not yet
4 been served.  Plaintiff's filing will therefore be disregarded.  If defendants file a motion to
5 dismiss this action based on failure to exhaust administrative remedies, plaintiff may include the
6 information contained in his letter in an opposition to the motion to dismiss.

7   On June 3, 2010, plaintiff filed a request that the court not serve defendants with
8 the March 5, 2010 complaint and that he be allowed to file a first amended complaint to remove
9 defendant Staniff's name, add more information, and provide more exhibits.  Plaintiff seeks an
10 additional thirty days in which to submit the amended complaint.

11   The Federal Rules of Civil Procedure provide that a party may amend his or her
12 pleading "once as a matter of course at any time before a responsive pleading is served."  Fed. R.
13 Civ. P. 15(a).  "It is the law of this circuit that a plaintiff waives all claims alleged in a dismissed
14 complaint which are not realleged in an amended complaint."  Forsyth v. Humana, Inc., 114 F.3d
15 1467 (9th Cir. 1997).  Thus, an amended or supplemental complaint supersedes the original
16 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is
17 filed, the original pleading no longer serves any function in the case.  Id.; see also E.D. Local
18 Rule 220.  Although the allegations of this pro se complaint are held to "less stringent standards
19 than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per
20 curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the
21 Local Rules of the Eastern District of California.

22   Because defendants have not yet been served, plaintiff's request for extension of
23 time to file an amended complaint is unnecessary and will be denied.

24   However, plaintiff is advised that he need not amend his complaint to remove
25 allegations as to defendant Staniff.  Defendant Staniff was dismissed from this action on June 7,
26 2010, and answering defendants will only respond to allegations directed against them.

1 Moreover, plaintiff is not required to submit all his evidence with his complaint.  He must submit his evidence in support of a dispositive motion or in opposition to a dispositive motion, and at trial.

On May 20, 2010, the court directed the U.S. Marshal to serve process on the remaining defendants.  Because plaintiff has not yet filed an amended complaint, the court will not grant plaintiff's request to refrain from serving them.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 19, 2010 motion is denied without prejudice.  (Dkt. No. 26.)

2. Plaintiff's May 26, 2010 motion is denied without prejudice. (Dkt. No. 28.)

3. Plaintiff's June 1, 2010 letter is disregarded.  (Dkt. No. 29.)

4. Plaintiff's June 3, 2010 requests are denied without prejudice.  (Dkt. No. 30.)

DATED: June 11, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bass0539.36