1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD BASSETT,

11             Plaintiff,                    No. 2:10-cv-0539 KJN P

12        vs.

13   E. CALLISON, et al.,

14             Defendants.          ORDER

15   _____/

16   I.  Introduction

17             Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

18   an action filed pursuant to 42 U.S.C. § 1983.  The parties have consented to proceed before the

19   undersigned for all purposes.  See 28 U.S.C. § 636(c).  Pending before the court is defendants'

20   September 30, 2010 motion to dismiss filed on the grounds that plaintiff failed to exhaust

21   administrative remedies, with the exception of the alleged excessive force claim against

22   defendant Callison, and that plaintiff failed to state cognizable due process or equal protection

23   claims under the Fourteenth Amendment.  After carefully reviewing the record, the undersigned

24   concludes that defendants' motion to dismiss should be granted.

25             A.  Legal Standard re Exhaustion

26             The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

1

1  to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

2  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

3  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

4  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v. Nussle, 534 U.S.

5  516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of

6  confinement, whether they involve general circumstances or particular episodes, and whether

7  they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.

8          Exhaustion of all "available" remedies is mandatory; those remedies need not

9  meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v.

10  Churner, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in

11  grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Booth, 532

12  U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative

13  process that could provide some sort of relief on the complaint stated, but no money."  Id. at 734.

14  The fact that the administrative procedure cannot result in the particular form of relief requested

15  by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

16  result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes

17  of exhaustion requirement include allowing prison to take responsive action, filtering out

18  frivolous cases, and creating administrative records).

19          A prisoner need not exhaust further levels of review once he has either received

20  all the remedies that are "available" at an intermediate level of review, or has been reliably

21  informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d

22  926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief

23  remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

24  remained available, whether at unexhausted levels or through awaiting the results of the relief

25  already granted as a result of that process.  Brown, 422 F.3d at 936-37.

26          As noted above, the PLRA requires proper exhaustion of administrative remedies.

1   Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

2   agency's deadlines and other critical procedural rules because no adjudicative system can

3   function effectively without imposing some orderly structure on the course of its proceedings."

4   Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

5   properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

6   untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

7          The State of California provides its prisoners the right to appeal administratively

8   "any departmental decision, action, condition or policy which they can demonstrate as having an

9   adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides

10  them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

11  § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner

12  must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal

13  on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and

14  (4) third level appeal to the Director of the California Department of Corrections and

15  Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code

16  Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the

17  exhaustion requirement under § 1997e(a).  Id. at 1237-38.

18         Non-exhaustion under § 1997e(a) is an affirmative defense which should be

19  brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil

20  Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court

21  may look beyond the pleadings to determine whether a plaintiff exhausted his administrative

22  remedies.  Id.  at 1119-20.

23         B.  Plaintiff's Allegations

24         Pursuant to the mailbox rule, plaintiff constructively filed the original complaint

25  ////

26  ////

3

1   in this action on March 1, 2010.[1]  The complaint was file-stamped by the Clerk of Court on

2   March 5, 2010.  This action is proceeding on the second amended complaint ("SAC"),

3   constructively filed June 15, 2010, and file-stamped on June 21, 2010, as to defendants Callison

4   and Swart.  (Dkt. No. 34.)  In the SAC, plaintiff alleges the following:

5           1.  On November 27, 2009, during a cell move, defendants used excessive force

6   by slamming him into a wall and holding cage several times, called plaintiff a racial epithet,

7   verbally threatened plaintiff, and placed a sheet soiled with human feces on it on plaintiff's head.

8   (Dkt. No. 34 at 6-7.)  Defendant Callison also took plaintiff's eyeglasses.  (Id.)  Plaintiff was

9   without his eyeglasses from November 27, 2009, until March 24, 2010, and suffered "really bad"

10  headaches.  (Id. at 21-24.)  When they reached the newly-assigned cell, defendant Swart took

11  dirty water from the commode and poured it on plaintiff's mattress and threw the sheet with

12  feces on it at plaintiff.  (Id. at 7.)  Defendants took plaintiff's legal property.  (Id.)

13          2.  On December 3, 2009, defendant Callison called plaintiff a racial epithet,

14  threw a dinner tray at plaintiff, punched plaintiff in the face while escorting him to the medical

15  clinic, slammed plaintiff into a holding cage, and after placing plaintiff's hands in triangle

16  restraints, pulled plaintiff's hands and wrists out of the tray port in a way to cause plaintiff pain.

17  (Id. at 8-9.)

18          3.  On January 5, 2010, defendant Callison twice called plaintiff a racial epithet,

19  and refused to let plaintiff out to the exercise yard in retaliation for plaintiff filing a prison

20  grievance against Callison.  (Id. at 10-11.)

21          4.  On February 3, 2010, defendant Callison called plaintiff a racial epithet, and

22  threatened plaintiff.  (Id. at 11.)

23          5.  On March 29, 2010, defendant Callison made threatening gestures toward

24  ────────────────

25      [1]  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from
    the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th
    Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se
26  prisoners").

1    plaintiff from the watch tower of the housing unit.  (Id. at 12.)

2           6.  On April 16, 2010, defendants Callison and Swart verbally harassed plaintiff,

3    searched plaintiff's cell, and threw away plaintiff's legal materials in retaliation for the filing of

4    the instant action.  (Id.)  Defendant Callison threatened plaintiff to drop the staff complaints or

5    plaintiff would be sorry.  (Id.)

6           C.  Evidence re Exhaustion

7           Defendants have submitted evidence that plaintiff submitted three grievances at

8    High Desert State Prison that were accepted for review between November 27, 2009, and June

9    21, 2010:

10          1.  Grievance No. HDSP-09-02295.  In this grievance, plaintiff alleged that on

11   December 3, 2009, defendant Callison allegedly:  harassed plaintiff, called him a racial epithet,

12   refused plaintiff a spoon, threw a food tray at plaintiff, "socked" plaintiff in the left side of his

13   head during an escort, placed plaintiff's hands in triangle restraints, then pulled plaintiff's hands

14   and wrists through the tray port, causing him pain.  (Dkt. 51-2 at 6-7.)  Plaintiff also complained

15   that "they took my eyeglasses away."  (Id. at 7.)  Only Correctional Officer Callison is named in

16   this grievance.  (Id.)  The Director's level review issued on May 27, 2010.  (Dkt. No. 34 at 53.)

17          2.  Grievance No. HDSP-10-00507.  This grievance addressed defendant

18   Callison's alleged threatening gestures on March 29, 2010, during an escort from the

19   administrative segregation yard into Building 8.  (Dkt. No. 51-2 at 9 & 11.)  Plaintiff signed this

20   appeal on March 29, 2010.  (Id.)

21          3.  Grievance No. HDSP-10-00834.  In this grievance, plaintiff alleged his legal

22   mail was opened outside his presence on May 13, 2010, and included no allegations at issue

23   herein.  (Dkt. No. 51-2 at 13.)  No further analysis of this appeal is required.

24          In addition, defendants provided the declaration of D. Foston, Chief of the Inmate

25   Appeals Branch, who confirmed that between November 27, 2009, and June 21, 2010, the Inmate

26   Appeals Branch received no appeal from plaintiff that was screened out.  (Dkt. No. 51-1 at 2.)

1  Foston also confirmed that for that same time period, only one appeal, HDSP-09-02295, was

2  accepted for Director's level review.  (Id.)

3         D.  Analysis

4             1.  Grievance No. HDSP-10-00507

5         As noted above, this grievance was signed by plaintiff on March 29, 2010.

6  Plaintiff claims he sent this grievance to the third level of review on June 30, 2010.  (Dkt. No. 57

7  at 3.)  Plaintiff's original federal complaint was filed March 1, 2010, prior to the occurrence of

8  the March 29, 2010 incidents.  Even using the date of the June 15, 2010 filing of the SAC,

9  plaintiff fares no better.  Plaintiff sent the grievance for Director's review on June 30, 2010, after

10  he filed the SAC.  Therefore, plaintiff cannot demonstrate exhaustion of his claims through

11  grievance HDSP-10-00507 prior to the filing of this action as required under Booth, 532 U.S. at

12  741.  Plaintiff's allegations concerning incidents that took place on March 29, 2010, must be

13  dismissed as unexhausted.  This dismissal is without prejudice to their renewal in a new federal

14  action.[2]

15            2.  Grievance Log No. HDSP-09-02295

16             a.  Plaintiff's Claims

17         Plaintiff contends that the allegations contained in grievance HDSP-09-02295

18  exhausted his claims alleged as occurring on both November 27, 2009, and December 3, 2009.

19  Defendants argue that in the initial grievance plaintiff included no mention of: (a) the November

20  27, 2009 date; (b) allegations concerning the incidents he alleges occurred on that date; or (c)

21  defendant Swart.  Defendants also argue that, although the first and second level appeal

22  responses mention that plaintiff spread fecal matter on his cell walls, none of the appeal

23  responses mention the alleged events of November 27, 2009.

24  ——————————

25      [2]  On December 13, 2010, in his reply to the pending motion for temporary restraining order, plaintiff states he has been issued paperwork demonstrating he has now exhausted this claim.  (Dkt. No. 74.)  However, as noted above, plaintiff must exhaust his administrative

26  remedies prior to filing an action in federal court.

1        "The level of detail necessary in a grievance to comply with the grievance

2  procedures will vary from system to system and claim to claim, but it is the prison's

3  requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v.

4  Bock, 549 U.S. 199, 218 (2007).  Where a prison's grievance procedures do not specify the

5  requisite level of factual specificity required in the grievance, "a grievance suffices if it alerts the

6  prison to the nature of the wrong for which redress is sought."  Griffin v. Arpaio, 557 F.3d 1117,

7  1120 (9th Cir. 2009) (citation omitted).  The grievance need not include legal terminology or

8  legal theories unless they are needed to provide notice of the harm being grieved.  Id.  Nor must a

9  grievance include every fact necessary to prove each element of an eventual legal claim.  Id.  The

10  purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay

11  groundwork for litigation.  Id.

12        A close reading of grievance HDSP-09-02295 reflects that defendants are correct.

13  The only allegation stemming from the November 27, 2009 incident included in this grievance is

14  plaintiff's mention that "they" took his eyeglasses.  (Dkt. No. 51-2 at 7.)  Plaintiff does not

15  mention the date of November 27, 2009, the alleged excessive force into a wall and holding cage,

16  the smearing of feces on a bed sheet, or the placement of the dirty sheet on plaintiff's head.  (Id.)

17  There is no mention of defendant Swart or any other staff person.  Plaintiff's general comment, at

18  the end of the appeal, stating "CO Callison has assaulted me and also [harassed] me [--] this

19  being the second time something like this has happened," (dkt. 51-2 at 7) is insufficient to alert

20  prison officials to the specific allegations set forth in the SAC about incidents that allegedly took

21  place on November 27, 2009.

22        Although not addressed by defendants, it appears plaintiff may have attempted to

23  expand his allegations during the administrative exhaustion process.  During his initial interview,

24  plaintiff stated he had his head and face forced into sheets that were soiled with his fecal matter.

25  (Dkt. No. 57 at 11.)  Plaintiff also reported he had been slammed against a wall by Officer

26  Callison.  (Id.)  Similarly, in his second interview, plaintiff stated he had his head and face forced

1  into sheets that were soiled with his fecal matter, and had his head slammed against a wall. (Dkt.

2  No. 57 at 13.) However, none of these allegations were cited as happening on November 27,

3  2009, rather than on December 3, 2009. In the appeal forms provided by plaintiff, there is no

4  indication that plaintiff informed prison officials that these events occurred on a different day.

5  (Dkt. No. 34 at 53-62.) Moreover, both first and second level appeals decisions articulated

6  plaintiff's claims as those specifically alleged in the SAC to have occurred on December 3, 2009,

7  and did not include any of the allegations stemming from the November 27, 2009 incidents as

8  alleged in the SAC.

9          Plaintiff's attempt to further expand the scope of his grievance on appeal does not

10  comply with the procedural rules requiring him to describe his problem and action requested in

11  Sections A and B of the form. Cal. Code Regs., tit. 15 § 3084.2(a) (2010). "[A]n inmate must

12  first present a complaint at the first level of the administrative process. See Cal.Code Regs. tit.

13  15, § 3084.5." Sapp v. Kimbrell, 623 F.3d 813, 825 (9th Cir. 2010). Moreover, in the May 27,

14  2010 Director's Level Appeal Decision, plaintiff was informed:

15              [Plaintiff] has added new issues and requests to his appeal. The
               additional requested action is not addressed herein as it is not
16              appropriate to expand the appeal beyond the initial problem and the
               initially requested action (CDC Form 602, Inmate/Parolee Appeal
17              Form, Sections A and B).

18  (Dkt. No. 57 at 16.) The additional complaints raised by plaintiff were disregarded at the

19  Director's Level, and the fact that they were not addressed further does not render them

20  exhausted. See Henderson v. Rodriguez, 2009 WL 817750 at *3-4 (E.D. Cal. 2009).

21          Accordingly, this court finds that grievance HDSP-09-02295 does not serve to

22  exhaust plaintiff's claims concerning incidents occurring on November 27, 2009, with the

23  exception of plaintiff's claim that his eyeglasses were taken and not replaced for almost four

24  months, because the loss of his eyeglasses is specifically included in HDSP-09-02295.

25  Therefore, defendants' motion to dismiss plaintiff's claims stemming from events occurring on

26  November 27, 2009, is granted in part.

b.  <u>Defendant Swart</u>

The court turns now to the question of whether plaintiff has exhausted the claims alleged in grievance HDSP-09-02295 as to defendant Swart.  Plaintiff argues that defendant Swart should not be dismissed because he was an active participant with defendant Callison. Defendants contend that plaintiff only exhausted his claims as to defendant Callison in grievance HDSP-09-02295, and failed to plead the alleged involvement of Swart or the events of November 27, 2009 in that grievance.

As noted above, in order to exhaust administrative remedies, plaintiff must include sufficient facts to give prison officials notice and an opportunity to remedy the problem. <u>Griffin</u>, 557 F.3d at 1120.

With regard to plaintiff's claims stemming from events on December 3, 2009, the SAC only names defendant Callison as allegedly violating plaintiff's constitutional rights on December 3, 2009.  (Dkt. No. 34 at 9-10.)  There are no allegations as to defendant Swart in connection with the December 3, 2009 claims.  (<u>Id</u>.)  As to plaintiff's claim concerning the taking of his eyeglasses, plaintiff specifically alleges defendant Callison took his eyeglasses.  (Dkt. No. 34 at 7.)

The SAC raises only one specific allegation naming defendant Swart, claiming Swart allegedly threw commode water on plaintiff's mattress and threw a feces-soiled sheet on plaintiff's head on November 27, 2009.  (Dkt. No. 34 at 6-7.)  This allegation is absent from grievance HDSP-09-02295, and the court has found that plaintiff failed to exhaust his claims arising from events alleged to have occurred on November 27, 2009.  Moreover, there are no facts alleged in HDSP-09-02295 that are not specifically attributed to defendant Callison. Plaintiff mentions no other correctional officers in the vicinity of these alleged incidents, and raises no claim that anyone other than defendant Callison allegedly used excessive force, took other actions, or failed to take actions, in a way that might put prison officials on notice of a possible constitutional violation by anyone other than defendant Callison.

1    Because plaintiff has failed to exhaust his claims resulting from incidents on

2  November 27, 2009, and plaintiff raises no allegations as to defendant Swart in the SAC in

3  connection with incidents allegedly occurring on December 3, 2009, defendants' motion to

4  dismiss plaintiff's claims against defendant Swart is granted and plaintiff's claims against

5  defendant Swart are dismissed as unexhausted.

6              3.   Allegations of Obstruction of Exhaustion Attempts

7          Plaintiff contends he completed and sent in 602 appeals to exhaust his claims as to

8  incidents that occurred on January 5, 2010, February 3, 2010, and April 16, 2010, but "never

9  received any documentation." (Dkt. No. 57 at 3.)  Plaintiff has provided his own declarations

10  that state:

11          a.  On January 6, 2010, plaintiff filed a CDC-602 staff complaint against

12  defendant Callison for harassment and denying him yard on January 5, 2010.  (Dkt. No. 57 at

13  26.)  Plaintiff states he sent the CDC-602 to the inmate appeals coordinator via institutional mail,

14  but he did not receive a log number or hear anything back on this appeal.  (Id.)

15          b.  On February 7, 2010, plaintiff wrote a CDC-602 staff complaint against

16  defendant Callison for harassment and threats on February 3, 2010.  (Dkt. No. 57 at 27.)

17  Plaintiff sent the CDC-602 on February 7, 2010, by institutional mail, to the appeals coordinator.

18  By February 26, 2010, plaintiff did not receive a log number or further notice.  (Id.)

19          c.  On April 18, 2010, plaintiff completed a CDC-602 appeal form against

20  defendant Callison concerning the April 16, 2010 incident.  (Id. at 28.)  Plaintiff sent the appeal

21  to the appeals coordinator via institutional mail, and provided a handwritten copy of the CDC-

22  602.  (Id. at 29-31.)

23          As noted above, defendants have provided evidence that between November 27,

24  2009, and June 21, 2010, the Inmate Appeals Branch did not receive any appeal from plaintiff

25  that was screened out.  (Dkt. No. 51-1 at 2.)

26          Plaintiff is required to rebut the evidence that he failed to exhaust his

1  administrative remedies prior to filing the instant action.  Plaintiff provided no evidence that he

2  complied with the inmate administrative grievance process by filing an appeal to second or third

3  levels of review, after he received no response to his first level appeal.  Plaintiff has failed to

4  provide specific factual information concerning to whom he gave the appeals, whether he

5  submitted follow-up inquiries regarding these appeals, or whether he attempted to resubmit the

6  appeal once he allegedly received no response.  See Stewart v. Evans, 2010 WL 3734874 (N.D.

7  Cal. 2010).  As to plaintiff's claims related to incidents occurring on January 5, 2010, and

8  February 3, 2010, plaintiff has failed to provide a copy of the staff complaints he allegedly

9  submitted.  Plaintiff did provide a handwritten copy of the April 18, 2010 appeal, which notes he

10  copied it by hand because he had no access to a photocopy machine, but there is no stamp or

11  other marking demonstrating it was received by prison officials, or even noting the prison official

12  to whom it was allegedly presented.

13         Plaintiff stated, in conclusory fashion, that officials destroyed or lost these

14  appeals.  However, he provided no facts or evidence to support this conclusion, and failed to

15  demonstrate that he inquired about the status of the appeals or attempted to re-file the appeals

16  once he heard nothing further.  Similarly, plaintiff did not assert that he filed a new

17  administrative grievance challenging the refusal of prison officials to provide informal review of

18  the subject grievance.  Plaintiff has provided no basis to conclude that plaintiff made a bona fide

19  effort to obtain informal review of his grievances, and that such review was "effectively

20  unavailable."   Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010).

21         On this record, the court cannot find that plaintiff has rebutted defendants'

22  evidence of plaintiff's failure to exhaust these allegations.  Because plaintiff is required to

23  exhaust his claims through three levels of appeals, it is insufficient for plaintiff to simply submit

24  a first appeal and then consider it exhausted because he heard nothing further but took no further

25  action to inquire or appeal to the next level.  Plaintiff has not demonstrated that he "took

26  reasonable and appropriate steps to exhaust his . . . claim and was precluded from exhausting, not

through his own fault but by [a third party]." <u>Nunez</u>, 591 F.3d at 1224.  Plaintiff must make an effort to exhaust his appeals through all three levels of review before he files a complaint in federal court, as required by <u>Booth</u>.  <u>See</u> <u>Brown</u>, 422 F.3d at 934-35; <u>Davis v. Evans</u>, 2008 WL 818534 at *4 (N.D. Cal. 2008) (inmate failed to submit higher level appeals after receiving no response to his initial informal 602 appeal); <u>Stutzman v. Wilson</u>, 2009 WL 2901634 at * 3-4 (C.D. Cal. 2009) (plaintiff must still pursue remaining levels of review even if his lower level grievances were ignored or improperly rejected).  Defendants have established that at the time plaintiff filed suit, all available administrative remedies had not been exhausted for the allegations stemming from incidents on January 5, February 3, and April 16, 2010.  Therefore, plaintiff's claims as to those incidents are dismissed.

### E.  Conclusion re Exhaustion

In light of the above, plaintiff may proceed on those claims contained in Grievance HDSP-09-02295, specifically his allegations concerning incidents that took place on December 3, 2009, as well as his claim that his eyeglasses were taken on November 27, 2009, and not returned until March 24, 2010, causing him to suffer "really bad" headaches.  Plaintiff's remaining claims, stemming from incidents on November 27, 2009, January 5, 2010, February 3, 2010, and April 16, 2010, are dismissed as unexhausted.  Plaintiff's claims against defendant Swart are also dismissed as unexhausted.  Defendant Callison will be required to file an answer to the allegations stemming from events on December 3, 2009, as well as plaintiff's allegations concerning the taking of his eyeglasses.

## II.  Fourteenth Amendment Claims

### A.  Due Process

Defendants contend that plaintiff has failed to state a cognizable due process claim under the Fourteenth Amendment because it is subsumed in plaintiff's Eighth Amendment claim, the primary source of substantive protection to convicted prisoners raising claims of excessive force.  Plaintiff argues that his due process claim is cognizable because defendants

1  "punished" plaintiff by painfully slamming his face into a feces-covered sheet and deliberately

2  taking his prescription eyeglasses.  (Dkt. No. 57 at 5.)

3          Plaintiff's claim under the Fourteenth Amendment should be dismissed.  The

4  Fourteenth Amendment's Due Process Clause protects a pretrial detainee from punishment prior

5  to an adjudication of guilt in accordance with due process of law.  Bell v. Wolfish, 441 U.S. 520,

6  534-35 (1979).  In the instant case, plaintiff was a prisoner, not a pretrial detainee, on the dates in

7  question.  Because plaintiff was not a pretrial detainee at the time of the alleged incidents, his

8  claims are analyzed under the Eighth Amendment, not the Fourteenth Amendment.  Therefore,

9  plaintiff's due process claims under the Fourteenth Amendment are dismissed.  The court will

10 consider plaintiff's allegations under the Eighth Amendment.

11         B.  Equal Protection

12         Finally, defendants move to dismiss plaintiff's equal protection claim.  Plaintiff

13 opposes dismissal, arguing he was treated differently because plaintiff smeared feces on his cell

14 windows.

15         The Equal Protection Clause of the Fourteenth Amendment commands that "no

16 State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is

17 essentially a direction that all persons similarly situated should be treated alike."  City of

18 Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citation omitted).  "To state a

19 claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth

20 Amendment, a plaintiff must show that the defendants acted with an intent or purpose to

21 discriminate against the plaintiff based upon membership in a protected class."  Barren v.

22 Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing Washington v. Davis, 426 U.S. 229,

23 239-40 (1976)).

24         Plaintiff failed to identify what protected class he is a member of, what other

25 persons are similarly situated, or that there was no rational basis for the difference in treatment.

26 Plaintiff's bare conclusion that he was deprived of equal protection of the law is not sufficient to

1  state a claim.  Plaintiff fails to state a cognizable claim against defendants for violation of the

2  Equal Protection Clause of the Fourteenth Amendment, and this claim is also dismissed.

3              C.  Conclusion re Fourteenth Amendment Claims

4              As noted above, plaintiff's claims under the Fourteenth Amendment are

5  dismissed.

6  III.  Conclusion

7              In light of the above, this action shall proceed solely as to those claims exhausted

8  through grievance HDSP-09-02295, as set forth above.  Defendants' motion to dismiss plaintiff's

9  remaining claims is granted, with the exception of plaintiff's claim concerning the taking of his

10  eyeglasses.

11  IV.  Additional Filings

12              On November 22, 2010, plaintiff filed a motion for order granting him access to

13  the law library to make copies of documents he states demonstrates that he exhausted his

14  administrative remedies for his claims arising from incidents occurring on March 29, 2010.

15  (Dkt. No. 70.)  On December 2, 2010, plaintiff filed similar requests.  (Dkt. Nos. 72 & 73.)

16  However, as noted above, plaintiff exhausted these claims after he filed the instant action.

17  Because plaintiff is required to exhaust his administrative remedies prior to filing a federal

18  complaint, plaintiff may not pursue these claims in this action, but must file a new action.

19  Accordingly, plaintiff's motions for law library access to photocopy his paperwork in connection

20  with these claims are denied.

21              In accordance with the above, IT IS HEREBY ORDERED that:

22              1.  Defendants'  September 30, 2010 motion to dismiss is granted in part and

23  denied in part:

24                  a.  Plaintiff's claims raised in grievance HDSP-10-00507, arising from

25  incidents occurring on March 29, 2010, are dismissed as unexhausted prior to the filing of this

26  action.

1             b.  Plaintiff's claims raised in grievance HDSP-09-02295, arising from

2 incidents occurring on December 3, 2009, are exhausted.

3             c.  Plaintiff's claims against defendant Swart are unexhausted; defendant

4 Swart is dismissed as a defendant.

5             d.  Plaintiff has exhausted his claim that his eyeglasses were taken and not

6 returned or replaced for four months.

7             e.  Except as noted above, plaintiff's claims stemming from incidents

8 occurring on November 27, 2009, January 5, 2010, February 3, 2010, and April 16, 2010 are

9 unexhausted and are dismissed.

10             f.  Plaintiff's Fourteenth Amendment claims are dismissed.

11        2.  Within twenty-one days from the date of this order, defendant Callison shall

12 answer plaintiff's claims arising from the events of December 3, 2009, as well as plaintiff's

13 allegation concerning the taking of his eyeglasses.

14        3.  Plaintiff's November 22, 2010, and December 2, 2010 filings[3] (dkt. nos. 70, 72

15 & 73) are denied.

16 DATED:  December 21, 2010

17

18                              _Kendall J. Newman_

                             KENDALL J. NEWMAN

19                              UNITED STATES MAGISTRATE JUDGE

20 /bass0539.mtd

21

22

23

24 _____

       [3]  To the extent plaintiff attempts to raise new claims concerning his placement in

25 administrative segregation or the conditions of his housing in administrative segregation, plaintiff must first exhaust his administrative remedies with regard to these claims prior to raising them in

26 federal court.