IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BASSETT,

      Plaintiff,                      No. 2:10-cv-0539 KJN P

   vs.

E. CALLISON, et al.,

      Defendants.               ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). By his second amended complaint ("SAC"), as limited by the accompanying order regarding exhaustion of administrative remedies, plaintiff claims defendant Callison used excessive force on December 3, 2009, and took plaintiff's eyeglasses, all in violation of the Eighth Amendment. By his SAC, plaintiff seeks, inter alia, transfer to a different prison and monetary damages. (Dkt. No. 34 at 20.)

       Pending before the court are plaintiff's motions for injunctive relief filed September 16, 2010, and November 17, 2010. Initially, plaintiff sought transfer out of High Desert State Prison because defendants have been allegedly threatening and harassing him. Plaintiff subsequently sought a restraining order requiring defendants Callison and Swart and

1

nonparty Correctional Officer D. Vincent to be prevented from working near plaintiff. (Dkt. No. 67.) Plaintiff seeks the order against Vincent because Vincent works as the yard gunner who plaintiff alleges comes by plaintiff's cell and makes comments like, "You know how the Green Wall is." (Dkt. No. 67 at 2.) Plaintiff claims his life is in danger and that he is in fear for his life.

Defendants contend that the officers named by plaintiff in the pending requests are correctional officers who have no authority to transfer plaintiff. Defendants also argue that plaintiff has failed to demonstrate he is likely to succeed on the merits of this action, or that he is likely to suffer irreparable harm in the absence of preliminary relief.

I. Legal standards for injunctive relief

Although plaintiff styles his motions for injunctive relief in different ways, all of them effectively seek a temporary restraining order, a preliminary injunction, or both. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also E.D. Cal. L. R. ("Local Rule") 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

1  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
2  injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.
3  2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 375-76
4  (2008). In cases brought by prisoners involving conditions of confinement, any preliminary
5  injunction "must be narrowly drawn, extend no further than necessary to correct the harm the
6  court finds requires preliminary relief, and be the least intrusive means necessary to correct the
7  harm." 18 U.S.C. § 3626(a)(2).
8  II. Analysis
9         First, plaintiff seeks injunctive relief against individuals who are not named as
10 defendants in this action. This court is unable to issue an order against individuals who are not
11 parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
12 100, 112 (1969). Therefore, plaintiff's motions for injunctive relief against nonparty correctional
13 officers are dismissed.
14        Second, the principal purpose of preliminary injunctive relief is to preserve the
15 court's power to render a meaningful decision after a trial on the merits. See C. Wright & A.
16 Miller, 11 Federal Practice and Procedure, § 2947 (1973). In addition to demonstrating that he
17 will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must
18 show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press
19 International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of
20 International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir.
21 1979). Implicit in this required showing is that the relief awarded is only temporary and there
22 will be a full hearing on the merits of the claim raised in the request for injunctive relief when the
23 action is brought to trial.
24        Plaintiff alleges various correctional officers, including defendants, have made
25 threatening statements to him and are harassing him. Such statements, if true, reflect poor
26 judgment and a lack of professionalism. However, allegations of threats and verbal harassment

do not state a claim under the Civil Rights Act. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional wrong"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983). "[A]n institutional employee's verbal harassment or idle threats to an inmate, even if they cause an inmate fear, anxiety, or discomfort, do not constitute an invasion of any identified liberty interest." McClellan v. Bassett, 2006 WL 2079371 (D.Va. 2006); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee).

On the other hand, plaintiff also appears to allege the threats were undertaken in retaliation for plaintiff's grievance and lawsuit against defendant Callison. These correctional officers may be attempting to use verbal threats and harassment in an effort to dissuade plaintiff from pursuing the instant action. Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). An allegation of harm, rather than of chill, may be a sufficient basis for a claim of retaliation. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir.1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

However, the instant action is proceeding on plaintiff's claim that defendant Callison violated his rights under the Eighth Amendment by using excessive force on December

3, 2009, and taking plaintiff's eyeglasses. This action is not proceeding on any claim of retaliation.[2] Because the claims raised in plaintiff's motions for injunctive relief are not part of the underlying complaint, they will not be heard on the merits in this action. For this reason, plaintiff's motions for injunctive relief are not cognizable in this action and are denied.

Finally, with regard to plaintiff's motion seeking an order requiring defendant Callison, the sole remaining defendant herein, to stay away from plaintiff, defendants have provided evidence that defendant Callison is no longer working in Facility D, has not worked in Facility A, and has had no contact with plaintiff since plaintiff moved to Facility A. Plaintiff has failed to rebut this evidence with credible evidence. The fact that the building in which defendant Callison works is attached to the building in which plaintiff is now housed is insufficient to show an imminent threat to plaintiff's safety exists. Therefore, the motion against defendant Callison is also denied.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 16, 2010 motion for injunctive relief is denied without prejudice. (Dkt. No. 48.)

////

---

[2] Nor could plaintiff amend the claim raised in his motion for injunctive relief into the pending action. Prisoners are required to exhaust administrative remedies before proceeding with a federal civil rights action claiming a violation of federal constitutional rights. See 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). The claims presented in the instant motions occurred after the December 3, 2009 incidents, and it appears plaintiff contends the officers are retaliating against him based on the filing of the instant action. If plaintiff wishes to pursue a civil rights complaint on grounds of retaliation he must file a new action after exhausting his administrative remedies. Plaintiff can request that the declarations provided in support for the pending motions in the instant action be filed in the new action because they are retained in electronic format in CM/ECF.

[3] In his reply, plaintiff raises new claims, alleging that he is being denied basic necessities and "mainly [his] religious diet." (Dkt. No. 74 at 2-3.) These claims are not part of the instant action. Plaintiff must first exhaust his administrative remedies before raising them in federal court. Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). As noted above, because these claims will not be heard on the merits in this action, they are not appropriately addressed in the instant motion for injunctive relief.

2. Plaintiff's November 17, 2010 motion for temporary restraining order is denied without prejudice. (Dkt. No. 67.)

DATED: December 21, 2010

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bass0539.pi