IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BASSETT,

      Plaintiff,                    No. 2:10-cv-0539 KJN P

      vs.

E. CALLISON, et al.,

      Defendants.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. The parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 22, 2010, plaintiff filed a motion for the court to order the assignment of a law library technician to conduct plaintiff's law library sessions. Plaintiff states Correctional Officer Haas runs the administrative segregation ("ad seg") law library, and Haas was a witness to plaintiff's March 29, 2010 claim in this case. However, plaintiff's filing was signed prior to this court's December 22, 2010 order dismissing plaintiff's March 29, 2010 claim as unexhausted.[1] (Dkt. No. 77 at 6.) Thus, plaintiff's motion is denied.

---

[1] Plaintiff's original federal complaint was filed March 1, 2010, prior to the occurrence of the March 29, 2010 incidents. The date of the June 15, 2010 filing of the second amended complaint offers no relief. Plaintiff sent the grievance for Director's review on June 30, 2010,

1

On December 15, 2010, plaintiff filed a request for court order regarding legal supplies. Plaintiff states he needs to file documents to demonstrate he has exhausted his administrative remedies with regard to his March 29, 2010 claim. However, as noted above, this claim was recently dismissed because plaintiff failed to exhaust this claim *prior* to filing the instant action. In addition, defendants provided the information concerning the exhaustion of this claim. Therefore, this motion is also denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 22, 2010 motion (dkt. no. 79) is denied.

2. Plaintiff's December 15, 2010 motion (dkt. no. 75) is denied.

DATED: January 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bass0539.den

---

after he filed the second amended complaint. Thus, plaintiff's claims deriving from the events of March 29, 2010 were not exhausted prior to the filing of this action as required under Booth v. Churner, 532 U.S. 731, 741 (2001).