IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BASSETT,

      Plaintiff,                   No. 2:10-cv-0539 KJN P

   vs.

E. CALLISON, et al.,

      Defendants.            ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. The parties have consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff has recently filed two motions, which the court will address seriatim.

1. January 31, 2011 Motion for Court Order

      On January 31, 2011, plaintiff filed a motion seeking the following relief: (1) weekly law library access; (2) legal supplies; (3) an order requiring the prison to staff the law library with a librarian rather than a correctional officer or, in the alternative, (4) an order requiring the prison to give plaintiff reasonable attorney's fees. Plaintiff states that correctional officer Vincent told plaintiff he does not have a deadline and therefore plaintiff will not be allowed to attend the law library. Plaintiff complains that correctional officers refuse to give plaintiff all the legal materials and supplies that plaintiff requests.

1

1     First, plaintiff is presently housed in administrative segregation. Inmates housed in administrative segregation are subject to prison regulations concerning how much property can be retained in the cell, and inmates must follow certain procedures to obtain legal materials from the law library. Inmates must also follow prison procedures to obtain legal materials stored in the property room or other storage areas of the prison, as well as to obtain legal supplies. Plaintiff has not demonstrated he has availed himself of the procedures available to obtain legal materials, law library access, or legal supplies. At the present time, plaintiff is subject to this court's January 12, 2011 scheduling order, which requires plaintiff to complete discovery by May 6, 2011. Plaintiff should include this information in his written requests to obtain law library access submitted to the appropriate prison official.

Second, review of the court docket reflects plaintiff has access to legal supplies. Plaintiff has filed ten separate documents in this action since December 1, 2010.

Third, plaintiff's previous request to order the assignment of a law library technician to conduct plaintiff's law library session was denied on January 5, 2011. (Dkt. No. 81.) Moreover, law library staffing is not at issue in this proceeding. An injunction is appropriate to grant intermediate relief of the same character sought in the operative complaint, and relief is not proper when requested on matters lying wholly outside the issues in the lawsuit. DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The instant action is proceeding on plaintiff's allegation that defendant Callison allegedly used excessive force against plaintiff and took plaintiff's eyeglasses on November 27, 2009. The question of law library staffing is not at issue here and will not be heard on the merits in this action. Therefore, plaintiff's request regarding staffing of the law library is denied.

Fourth, plaintiff has provided no legal authority for his request for attorney's fees and this court is aware of none. Plaintiff is not represented by counsel and therefore is not

entitled to payment of attorney's fees. Plaintiff's motion is denied. The court turns now to plaintiff's second motion.

2. February 2, 2011 Motion for Court Order

On February 2, 2011, plaintiff filed a motion seeking a court order requiring the administrative segregation property officer to issue plaintiff all of his legal documents for this case. Plaintiff states he has only been provided a copy of his second amended complaint and "many duplicate declarations from witnesses," but claims that all of his other legal documents for this case remain in the care of the property officer. (Dkt. No. 86 at 1.)

First, prison regulations dictate the amount of legal materials that may be retained in an administrative segregation cell, and there are prison procedures available which allow plaintiff to request receipt of his legal materials for the instant case. Plaintiff has again failed to demonstrate that he has followed prison procedures prior to seeking relief from the court. This court has no information as to whether plaintiff has exceeded the limit on property held in his cell, or whether plaintiff has submitted the proper paperwork to obtain the legal materials from the property officer.

Second, the court does not have the power to order a non-party--such as the property officer--to provide an inmate with access to any of his personal legal materials. In addition, such an order would be inappropriate because the United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of prison administration. See Turner v. Safley, 482 U.S. 78, 84-85 (1987) (federal courts should exercise restraint before interfering in the complex realm of prison administration). Ordering that personal property or legal materials be returned to plaintiff would interfere with state prison officials' management of the prison. Under some circumstances, the deprivation of legal materials might rise to the level of violating an inmate's constitutional right of access to the courts, see Lewis v. Casey, 518 U.S. 343 (1996), but such a claim would not accrue until plaintiff suffered an actual injury, and relief would have to be sought in a new civil rights action. Review of the instant action reveals

plaintiff has met his court deadlines and diligently prosecuted this action.  Thus, plaintiff's second motion is denied.

3. <u>Warning</u>

As noted above, plaintiff has filed ten separate documents since December 1, 2010.  The court finds that plaintiff is engaging in excessive motions practice in this case.  Plaintiff's filings are taking up too much of the court's scarce time and limited resources.  Several of the motions are repetitious, and it appears plaintiff fails to follow prison procedures before he seeks assistance from the court.  Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); <u>see</u> also <u>Tripati v. Beaman</u>, 878 F2d 351, 352 (10th Cir. 1989).

4. <u>Reply to Answer</u>

On January 20, 2011, plaintiff filed a reply to defendants' answer.  Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order.  Plaintiff's January 20, 2011 reply is disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 31, 2011 motion (dkt. no. 85) is denied.

2. Plaintiff's February 2, 2011 motion (dkt. no. 86) is denied.

////

////

////

3. Plaintiff's January 20, 2011 reply (dkt. no. 84) is disregarded.

DATED: February 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bass0539.den